IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR -15-01713-TUC- RCC(LAB) |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Mel Shriner Carter, ) | |
| Defendant. ) | |

The District Court referred this case to the Magistrate Judge for a hearing on the defendant's Motion to Dismiss Count 2 as multiplicitous. The defendant, Mel Shriner Carter, argues that the indictment (Doc. 16) is multiplicitous because it charges two counts for a single offense and raises double jeopardy questions because it produces two penalties for one crime. (Doc. 69). The Court concludes the indictment is not multiplicitous and Count Two should not be dismissed.

A hearing was held on 10/13/16. No witnesses testified. No exhibits were introduced.

**Charge:**

The defendant is charged by indictment with two counts of transportation of illegal

aliens for profit, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i). Count One names Epiganio Nape-Santiago and Count Two names Marcos Torres-Rodriguez, as the transported aliens.

**Discussion:**

Although no testimony was presented, the indictment charges that on 8/27/16, near Tombstone, Arizona, Mel Shriner Carter drove a vehicle that contained Epiganio Nape-Santiago, named in Count One, and Marcos Torres-Rodriguez, named in Count Two.

The defendant argues that the government has violated his Fifth Amendment right to due process, the Double Jeopardy Clause, and Fed.R.Crim.P. 8(a), by charging him with two counts of transportation of illegal aliens for profit, where the only difference between the two counts is the name of the person transported. Carter claims that by charging him in two separate counts the government has two chances to prove the same offense. In his reply, Carter clarifies that when a single statutory violation is charged, the analysis turns on whether there was a single act or multiple transactions. (Doc. 78).

The government responds that an indictment is only multiplicitous when it charges multiple counts for a single offense which would produce two penalties for one crime, raising a question of double jeopardy, citing *U.S. v. Vargas-Castillo*, 329 F.3d 715, 718-19 (9th Cir. 2003). (Doc. 75). Both parties cite cases that stand for the proposition that the test for multiplicity is whether "each separately violated statutory provision requires proof of an additional fact which the other does not." *U.S. v. Stewart*, 420 F.3d 1007, 1012 (9th Cir. 2005; *U.S. v. McKittrick*, 142 F.3d 1170 (9th Cir. 1998).

Each party cites *U.S. v. Zalapa*, 509 F.3d 1060 (9th Cir. 2007). In *Zalapa*, the Court held that the indictment was multiplicitous where a defendant was charged under the same statute in two separate counts with possession of a single unregistered firearm. The defendant relies on the case to support its argument that a defendant should not be punished

twice for a single event, like transporting two undocumented aliens at the same time in the present case. The government claims *Zalapa* is distinguishable because in that case the two charges pertained to one firearm and in the present case each charge names a separate undocumented alien.

The court must determine what unit of prosecution is allowed when a defendant is convicted of multiple violations of the same statute for a single act or transaction. U.S. v. Keen, 104 F.3d 1111, 1118 (9th Cir. 1997). The defendant cited *Bell v. U.S.*, 349 U.S. 81, 84 (1955) in his motion and during the hearing, cited the Court to *U.S. v. Jewell*, 827 F.2d 586 (9th Cir. 1987) and *U.S. v. Hurt*, 795 F.2d 765 (9th Cir. 1986), to support his argument that the act of transportation is the unit of conduct to be charged, not the number of undocumented aliens transported.

In discussing the Mann Act, the Supreme Court in *Bell* held that "If Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses…". In *Jewell*, the Ninth Circuit held that the indictment was multiplicitous where the defendant was charged in 13 counts, one for each time he signed an invoice for payment to his company, instead of being charged once for the one contract as to which there was a conflict of interest. The Ninth Circuit, in *Hurt*, decided that when the defendant ordered three obscene movies, mailed to him in several packages, the statute's uncertainty regarding punishment required holding that sending one order is a single offense.

Those cases, however, are inapposite in the current case because the charging statute is not ambiguous regarding the unit of prosecution or the punishment. Title 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i) state that any person who is in knowing or reckless disregard of the fact that an alien is in the United States in violation of the law and who transports the alien within the United States, shall **for each alien** (emphasis added) be fined and imprisoned for not more than 5 years.

**RECOMMENDATION:**

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court **DENY** the motion to dismiss Count 2. (Doc. 69)

Defense counsel may serve and file written objections within 14 days. If objections are not timely filed, the party's right to de novo review may be waived. No reply to objections shall be filed unless leave is granted from the District Court.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all parties.

DATED this 25th day of October, 2016.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge